# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 10-296 (JRT/JJK) |
| Plaintiff, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| JOHN PHILIP SCHANON, | |
| Defendant. | |

Allen A. Slaughter, Jr., Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Douglas Olson, Assistant Federal Defender, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

This matter is before the Court on defendant John Schanon's timely objections to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Jeffrey Keyes on December 27, 2010. Schanon was arrested for possession with intent to distribute methamphetamine after he made a sale to a confidential police informant. Schanon moved to suppress evidence obtained from a search of his car – in particular methamphetamine that the arresting officer, John Biederman, found in an eyeglass case attached to the underside of Schanon's vehicle.

The Magistrate Judge recommended denying the motion. Schanon objects to the R&R, reiterating his belief that the search of the eyeglass case required a warrant and that

no exception to the warrant requirement applies. (Obj. to R&R at 2, Docket No. 40.) After *de novo* review of those portions of the R&R to which defendant objects, the Court finds that the search of the eyeglass case did not require a warrant. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2(b). Further, the Court finds that even if the search was subject to the warrant requirement of the Fourth Amendment, Biederman had probable cause to search the eyeglass case such that the search fell within both the automobile exception and incident to arrest exception. The Court therefore adopts the R&R and denies the motion to suppress.

## BACKGROUND

After an arranged buy with a confidential informant, Biederman stopped Schanon's vehicle to arrest him for selling methamphetamine. Biederman had provided the informant with $3200 to make the sale and the informant, who had been reliable in the past, told Biederman that Schanon had more drugs in his car. During the vehicle stop, and upon previous information from the informant that Schanon kept a container for contraband under the car, Biederman found the eyeglass case, within reach of the driver's seat, taped shut with electrical tape, connected to the car by a magnet. He opened the case and found twenty seven grams of methamphetamine. Only $1200 was recovered from a passenger in the car. Schanon objects that the informant never told Biederman that Schanon used such a container on the date of the arrest, and therefore Biederman had no probable cause to open the container.

## ANALYSIS

The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures. *United States v. Roby*, 122 F.3d 1120, 1123 (8th Cir. 1997). Evidence obtained from an unreasonable search or seizure is inadmissible. *Id.;* *see also Weeks v. United States*, 232 U.S. 383 (1914). "[T]he State's intrusion into a particular area, whether in an automobile or elsewhere, cannot result in a Fourth Amendment violation unless the area is one in which there is a constitutionally protected reasonable expectation of privacy." *New York v. Class*, 475 U.S. 106, 112 (1986) (quotation marks omitted).

Schanon argues that the search of the eyeglass case separate from a search of the car required a warrant since there was nothing inherently incriminating about the container itself which reasonably justified searching it. While an eyeglass case in a car is not inherently incriminating, an eyeglass case taped shut and magnetized to the bottom of a car driven by a suspected drug dealer does not benefit from the same innocuous presumption. First, the exterior of a car is not afforded a reasonable expectation of privacy so as to require a warrant for search. *Id.* at 113-14; *Cardwell v. Lewis*, 417 U.S. 583, 591 (1974); *United States v. Rascon-Ortiz*, 994 F.2d 749, 754 (10th Cir. 1993) ("The undercarriage is part of the car's exterior, and as such, is not afforded a reasonable expectation of privacy."). Further, even ordinary items in expected places on the exterior of a vehicle are not subject to Fourth Amendment protection. *United States v. Hephner*, 260 F. Supp. 2d. 763, 776 (N.D. Iowa 2003) (finding a toolbox in the bed of a truck exposed to the public under *Katz v. United States*, 389 U.S. 347 (1967), so as to not

warrant Fourth Amendment protection).  The Court finds that Schanon had no reasonable expectation of privacy in the eyeglass case affixed to the exterior of the vehicle making the warrantless search permissible.

Next, Schanon argues that Biederman did not have probable cause to search the case once found, and that the search is therefore not protected by any of the exceptions to the warrant requirement.  Under the automobile exception, law enforcement officials may search an automobile without a warrant if they have probable cause.  *United States v. Fladten*, 230 F.3d 1083, 1085 (8th Cir. 2000); *see also Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996).  Probable cause "exists when, under the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *United States v. Datcu*, 627 F.3d 1074, 1077 (8th Cir. 2010) (citing *Fladten,* 230 F.3d at 1085).

The Court agrees with the Magistrate Judge that, under the totality of circumstances, Biederman had probable cause to believe that the eyeglass case contained evidence of a crime such that a warrant was not required.  Biederman believed that Schanon had just committed a methamphetamine sale and had in fact arranged for and witnessed the alleged sale.  He had information that Schanon regularly kept contraband in a container under his car.  While Schanon argues that the informant had not told Biederman **on that day** of the use of a magnetic device to store drugs, the Magistrate Judge noted that the informant had previously advised Biederman of Schanon's use of a magnetic device. (R&R at 4 n.5, Docket No. 38.)  Schanon cites no case supporting the notion that information must have been provided contemporaneous to a search to

constitute probable cause. Rather, reliable information gleaned from a trustworthy informant can support a probable cause determination. *United States v. Leppert*, 408 F.3d 1039, 1041 (8th Cir. 2005).

Schanon argues that Biederman had no cause to think there were drugs in the car since the drug sale was over. However, Biederman had provided the informant $3200 to make the buy and he found only $1200 of those bills on the passenger in the car. Given that the remaining money could have been in the eyeglass case, probable cause existed to search for the remaining bills as evidence of the crime, even if Biederman had no reason to believe there were more drugs in the car. "[T]he probable cause that justifies the search of a vehicle also justifies the search of the containers within the vehicle that could conceal the object of the search." *United States v. Knight*, 306 F.3d 534, 536 (8th Cir. 2002) (citing *United States v. Ross*, 546 U.S. 789, 824 (1982)). The Court therefore finds that even if Schanon had a reasonable expectation of privacy in the eyeglass case, Biederman had probable cause, based on the totality of the circumstances, to search it without a warrant under the automobile exception.

Additionally, officers may conduct a warrantless search of a vehicle incident to the defendant's lawful custodial arrest. *United States v. Lewis*, 183 F.3d 791, 794 (8th Cir. 1999). "[A] lawful custodial arrest creates a situation which justifies the contemporaneous search without a warrant of the person arrested and of the immediately surrounding area." *New York v. Belton*, 453 U.S. 454, 457 (1981). Officers must limit the scope of the search to objects within the arrestee's area of "immediate control" and the search must be "contemporaneous" with the arrest. *Curd v. City Court of Judsonia*,

141 F.3d 839, 842 (8th Cir. 1998). Schanon was arrested for his participation in a drug sale and the eyeglass case was within his immediate area of the passenger compartment at the time of his arrest. The Court is not aware of any support for the proposition that the immediate area must be **within** the car. In fact, courts consistently interpret the term "passenger compartment" broadly. *See United States v. Thompson*, 906 F.2d 1292, 1298 (8th Cir. 1990) (citing cases). The organizing principle, adopted by the Eighth Circuit, is that "areas reachable by an occupant without exiting the automobile may be searched incident to arrest, but an area that is outside any occupant's reach or that could be reached only through an elaborate dismantling of the vehicle may not be searched." *United States v. Barnes*, 374 F.3d 601, 604 (8th Cir. 2004). The Court does not find that the simple opening of the car door constitutes "elaborate dismantling" so as to make a search of the eyeglass case, which was within reach of the driver's seat, subject to the warrant requirement.

In sum, the Court finds that Biederman's search of the eyeglass case did not require a warrant as Schanon had no reasonable expectation of privacy in a container on the exterior of his car. If Schanon did have such an expectation, the warrantless search fell within the automobile exception or the incident to arrest exception since Biederman had probable cause to search the case.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** defendant Schanon's objections [Docket No. 40] and **ADOPTS** the

- 7 -

Report and Recommendation of the Magistrate Judge dated December 27, 2010 [Docket No. 38].  Accordingly, **IT IS HEREBY ORDERED** that defendant's Motion for to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 23] is **DENIED**.

DATED:  April 4, 2011                   ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                          United States District Judge